Carland *v.* Day.

---

JOHN CARLAND *v.* SAMUEL S. DAY, Survivor, &c.

After the plaintiff has rested, and the defendant has examined a witness, it is not error to refuse a motion for a nonsuit or a dismissal of the complaint.

A nonsuit or dismissal of the complaint, upon evidence furnished by the defendant, would be improper before the plaintiff should have an opportunity to rebut or contradict such evidence.

A general exception to the whole charge of the court will not avail.

There is no limitation upon the right of a party to introduce evidence to contradict his own admissions, where such admissions were retrospective and not operating as an estoppel.

The fact of usury is a question for the jury.

ACTION by an endorsee against the survivor of two joint makers of a promissory note. The case was tried by a jury, in the Marine Court. The plaintiff having established a *prima facie* case and rested, the defendant called a witness, who testified to admissions of the plaintiff and other facts, to the effect that the plaintiff obtained the note for a usurious consideration. The defendant then moved for a nonsuit or for a dismissal of the complaint, which motion was denied.

The plaintiff afterwards offered testimony in relation to his possession of the note, and contradicting the averments of the defendant. This evidence was objected to, but received. A verdict and judgment were obtained by the plaintiff, and the defendant appealed.

The further facts and points determined are given in the opinion.

*Abraham D. Russell,* for the defendant.

*Dudley Field,* for the plaintiff.

By the Court. Ingraham, First, J.—The motion for a nonsuit was properly denied. The plaintiff had rested, and at that time had proved a *prima facie* case, sufficient to entitle him to recover. The defendant, after he had examined a witness, proved an affirmative defence, and immediately on the close of that witness' testimony, asked to have the complaint dismissed. There would have been no propriety in granting the motion at that time. The plaintiff had a right to contradict that witness, to explain his testimony, or in any other way to rebut his testimony.

Nor was there any ground on which the testimony of Roberts, showing the terms of the contract with the plaintiff, could be excluded. It was true there had been evidence given by Kemp, that the plaintiff had made certain admissions to him. As before remarked, he might have been contradicted. Even if the admissions were made, they were not of that character that made them operate as an estoppel. They were made after the transaction, and furnished no foundation for any transaction on the part of the defendant, by which he could sustain loss. The plaintiff might show, that notwithstanding such conversation with Kemp, the original transaction was not tainted with usury. What weight the court or jury would give to such evidence, in the face of the admissions, was to be decided as a matter of fact, but the court would not exclude the evidence.

There was no error in the judge's charge. He submitted to the jury the question of usury as solely for their decision. He could not, under the testimony, charge the jury that the defendant was entitled to their verdict. The instruction as to the admissions of parties was not different from that repeatedly sanctioned by the court.

Besides, there was no proper exception taken to the charge. The exception is to the whole charge, and it is now well set-

tled that such an exception furnishes no ground for reversing a judgment. (*Jones* v. *Osgood*, 2 Seld. 233; *Caldwell* v. *Murphy*, 1 Kernan, 416.

Judgment affirmed